JOURNAL ENTRY AND OPINION
{¶ 1} Appellant, Marcie Young, appeals her sentence after she pleaded guilty to several theft-related offenses. For the reasons that follow, we vacate the sentence and remand for resentencing.
 {¶ 2} On October 16, 2003, the Cuyahoga County Grand Jury charged appellant in a nine-count indictment, including: Counts 1 and 3, forgery, in violation of R.C. 2913.31; Counts 2 and 4, uttering, in violation of R.C. 2913.31; Counts 5 and 6, theft, in violation of R.C. 2913.02; Count 7, receiving stolen property, in violation of R.C. 2913.51; Count 8, possessing criminal tools, in violation of R.C. 2923.24; and Count 9, taking identity of another, in violation of R.C. 2913.49. After a duration of time during which a capias for appellant was outstanding, she was eventually arraigned on these charges on August 5, 2005.
 {¶ 3} On September 26, 2005, she pleaded guilty to two counts of forgery, two counts of theft, and the counts of receiving stolen property and taking the identity of another. The remaining counts in the indictment were dismissed. The record indicates that the trial court was in full compliance with Crim.R. 11 when it accepted appellant's plea and found her guilty.
 {¶ 4} On October 25, 2005, the trial court sentenced appellant to terms of 12 months incarceration on each of Counts 1, 3, 5, and 7, and 18 months incarceration on each of Counts 6 and 9. The trial court further ordered the prison terms for Counts 5, 6, 7, and 9 to run consecutively and the remaining counts to run concurrently. Appellant was also advised of post-release control and ordered to pay restitution in the amount of $17,000.
 {¶ 5} Appellant appeals her sentence asserting the following assignment of error:
 {¶ 6} "I. The trial court erred in sentencing defendant-appellant to maximum consecutive sentences."
 {¶ 7} Appellant argues that the trial court erred when it imposed maximum, consecutive sentences without making proper findings on the record. The sentence was imposed pursuant to R.C.2929.14(C) and (E) under the state sentencing structure in effect at the time of appellant's sentencing.
 {¶ 8} The Ohio Supreme Court's recent decision in State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856, renders appellant's assignment of error without merit for the purposes of this appeal. In Foster, the Court found several sections of the revised code unconstitutional, including R.C. 2929.14(C) and (E), and severed the offending portions from the statutes. As a result, trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or state reasons for imposing more than the minimum sentences. Foster, supra.
 {¶ 9} Because appellant's sentence was based on an unconstitutional statute, it is deemed void. The appellant is entitled to a new sentencing hearing, although the parties may stipulate to the sentencing court acting on the record before it.Foster, supra.
 {¶ 10} In accordance with the decision in Foster involving appeals with sentencing claims pending on review, we vacate appellant's sentence and remand this case to the trial court for a new sentencing hearing.
This cause is vacated and remanded to the lower court for further proceedings consistent with this opinion.
It is ordered that appellant recover of said appellee costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Dyke, A.J., and Nahra, J.,* concur.
* SITTING BY ASSIGNMENT: JOSEPH J. NAHRA, RETIRED, OF THE EIGHTH DISTRICT COURT OF APPEALS.